The Court of Appeals delivered the following decree t
The only point made in this case arises on a letter £rom a father to his son, who was about to marry 5 in which he says, “ I am informed you are going to be married 5 if so I sincerely wish you and the lady happy, whoever may be your wife, and hope you will do all in your power to render her life so. Whether you marry or not I shall leave you in a deed of gift eleven or twelve negroes and half my stock; this you may be certain of, perhaps more. I am now about having the writings drawn by a lawyer. Why don’t you write a few lines this way to let me know the truth of the report ?” The son married two months after the date of this letter, and the father died without complying with his promise, and the bill is brought for a performance of it. The counsel for the defendants says that this promise was not made in consideration of marriage, and that it is not binding ; that it is a general promise to the son whether be married or not, and is nudum pactum. The letter was written on the occasion of the report of the intended marriage of the son, relates to that subject, and the marriage followed soon after. The promise to the son if he married, is not in the least impaired by the expression in the letter « whether ho married or not.” The promise in the event of marriage is still of force, and the only operation of the words “ whether he married or not,” is to give to it a greater extent. The son married and is entitled to have the promise to him made good. The decree is affirmed.
(Signed,) Theodore Gaixxard,
Henry W. Besaxis suiie, Wm, Dgbebv James.